Williams, J.
The exceptions were taken to the decision of the court sustaining a demurrer to each of several counts of an indictment returned against the defendant, one of which, omitting the •caption, is as follows:
“Said John -W. Myers being an officer, to-wit: The deputy county treasurer of the said county *344 of Stark, in the state of Ohio, and being charged as such officer with the collection receipt, safekeeping, transfer and disbursement of the public moneys belonging to said county and the city of Canton, Ohio, a municipal corporation in said county, certain of said moneys, to-wit: One hundred dollars ($100.00), of the public moneys, belonging to said city of Canton, did unlawfully and fraudulently embezzle and convert to his own use, which said moneys had then and there come into the possession and custody of said John W. Meyers, by virtue of his said office and in the discharge of the duties thereof; and so the said John W. Myers is guilty in the manner aforesaid, of the crime of embezzlement of the said public moneys, so as aforesaid, by him converted and used.”
The other counts to which demurrers were sustained are identical with the one above given, except that the times and amounts, of the embezzlements charged are different. All of the counts are founded on section 6841, of the Revised Statutes, which provides that:
“Whoever, being charged with the collection, receipt7~safe-keeping, transfer or disbursement of the public money, or bequest, or any part thereof, belonging to the state, or to any county,’ township, municipal corporation, board of education, cemetery association, or company of this state, converts to his own use, or to the use of any other person, body corporate, association or party whatever, in any way whatever, or uses by way of investment in any kind of security, stock, loan, property, Land or merchandise, or in any other manner or form whatever, or loans with or without interest to any company, corporation, association, *345 or individual, or deposits with any company, corporation or individual, any portion of the public money, or any other funds, property, bonds, securities, assets or effects of any kind, received, controlled or held by him for safe keeping or in trust, for a specific purpose, transfer or disbursement, or in any other way or manner, or for any other purpose, shall be deemed guilty of embezzlement of so much of the money or other property thus converted, used, invested, loaned, deposited or paid out.”
The question raised Dy the demurrers, and presented by the exceptions, is whether this section applies to a deputy county treasurer who misappropriates the public moneys in either of the modes forbidden by the section. In the determination of the question, other statutory provisions . may properly be considered, especially those of section 7299, which, with the provisions of section 6841, were originally enacted in what is known as the independent treasury act, passed in 1858 (2 S. and C., 1610), and together constituted but one section, (section 15) of that act. The section was divided in the codification of the statutes, and the parts assigned to their appropriate places, as they now appear in the criminal code, without material alteration; the one being placed in the chapter in which crimes and offenses are defined, and the other in that regulating criminal procedure. The latter, now section 7299,_ reads as follows:
“Any failure or refusal to pay over, or to produce the public money, or any part thereof, by an officer or other person charged with the collection, receipt, transfer, disbursement or safe-keeping of the public money, or any part thereof, whether belonging to the state, or to any county, township, *346 municipal corporation, or board of education in-this state, or any public money whatever, or to account to, or to make settlement with any proper and legal authority of the official accounts of such officer or person, shall *be held and taken as prima facie evidence of the embezzlement thereof; and upon the trial of any such officer or person, for the embezzlement of public money, under section 6841, it shall be sufficient evidence, for the purpose of showing a balance against him, to produce a transcript from the books of the auditor of state, or the auditor of the county, or the records of the commissioners of the county, and the refusal of any such officer or person, whether in or out of office, to pay any draft, order or warrant, drawn upon him by the proper officer, for any public money in his hands, no matter in what capacity the same was received or is held by him, or any refusal, by any person or public officer, to pay over to his successor, any public money or securities promptly on the legal requirement of any authorized officer of the state or county, shall be taken on the trial of an indictment against him for embezzlement as prima facie evidence of such embezzlement. ’ ’
It will be noticed that by its terms, section 6841, is restricted in its application, to persons who are “charged with the collection, receipt, safe-keeping, transfer or disbursement of the public money, or bequest, or any part thereof, belonging’ to the state, or to a county, township, municipal corporation, board of education, cemetery association or company of the state;” and the limitation is carried through section 7299, which declares that any failure or refusal to pay over, or to produce the public money, or any part thereof, by an officer *347 or other person charged with the collection, etc., of such money, or to account to, or make settlement with, any proper and legal authority, of the official accounts of such officer or person, shall make a prima facie case of embezzlement; and, that section further declares, that on the trial of any such officer or person, for the embezzlement of the public money, under section 6841, it shall be sufficient evidence, for the purpose of showing a balance against him, to produce a transcript from the books of the auditor of state, or the auditor of the county, or the records of the commissioners of the county; and the refusal of any such officer or person to pay any draft or warrant drawn upon him by the proper officer, for any public money in his hands, or any refusal by any public officer to pay over to his successor any public money or securities promptly on the legal requirement of any officer of the state or county, shall be taken, on the trial of an indictment against him for\ embezzlement, as prima facie evidence of such ¡ embezzlement. j
From these provisions, it seems reasonably certain that the persons who are subject to prosecution under section 6841, are those only, who are charged by law with the performance ■ of the duties, or some of them, therein mentioned. There are officers and persons to-whom all these provisions of the statute aptly apply. For instance, by our statutes, county treasurers are charged with the collection of the public moneys belonging to the county, and with the collection of all taxes on the general duplicates placed in their hands bv the county auditor, and of all taxes and assessments on any special duplicate furnished by proper authority; and they are clothed with *348 ample remedies for enforcing the collecton of the same. They are also charged with the custody, and safe-keeping of all public moneys received by them ; with their apportionment and transfer to the proper boards and public agencies; and with the payment and disbursement of all public funds which come to their hands, in specified modes prescribed by law;- which funds can lawfully be paid out, "only on the order or warrant of the county auditor. They are furthermore charged with the duty of keeping official accounts of their receipts and disbursements, and of making semiannual settlements with the county auditor, showing the amount received and paid out, with any balance remaining' in the treasury; and with making a full annual settlement with the county commissioners of like purport; and they are required at the end of their official term, to pay over to their successors all moneys in their possession as treasurer, and deliver over all books, papers and other property so held by them. Duties of a similar nature are enjoined by law on the treasurer of state, and have been on treasurers of townships, of municipal corporations, boards of education, and cemetery associations, with respect to the public funds of which they have been given control. And the application, of both sections, 6841, and 7299, to such officers and persons, is clear and indisputable. But we have found no provision of law by which a deputy, or clerk of a county treasurer is charged with the performance of any of the duties above enumerated. The law goes no further than to authorize the treasurer, at his pleasure, to appoint one or more deputies, who hold their. appointment only during the pleasure of the principal, who is *349 answerable for the proceedings and misconduct of the deputy, and may, for his own protection, take a bond with sureties for the faithful performance of the services required of the deputy; but the latter takes no oath of office, nor gives bond to any public authority, and is in no sense a public officer, but a mere agent of the treasurer. Meachem on Public Officers, section 38. True, the statute confers authority on the deputy, during his appointment, to perform the duties of his principal ; but that falls short of charging the former with the performance of the duties of the latter. The difference is the substantial one between an j authority given to do an act, and enjoining the per- j formaneeof the act as a duty. That difference is j plainly observable, under our legislation, in the relations of a treasurer and his deputy to each other, and to the public. The former is charged by law with the duty of collecting and disbursing the public moneys, and the doing of all acts necessary thereto, as required by law; but the latter is not so charged with the performance of those duties. The provisions made for the public security, are the oath which the officer is required to take, the obligation of the sureties on his official bond, and the penal laws against official malfeasance; while the officer must look to such assurance as he obtains from his deputy, for protection against losses from his misconduct. There may be every reason why a deputy who misappropriates the public moneys, should be punished to the same extent that the principal may be, for a like act; and if he cannot be under other sections of statute, adequate legislation to that end should be provided. But the language of section 6841, “whoever being charged with the collection, etc., of the *350 public money,” etc., is descriptive of the persons who may be guilty of the offenses it punishes, and is therefore descriptive of the offense; and, under that fundamental rule of strict construction applicable to all penal laws, a statute defining a crime cannot be extended by construction to persons or things not within its descriptive terms, though they may appear to be within the reason and spirit of the. statute. Persons cannot be made subject to such statute by implication. Only those transactions are included in them which are within both their spirit and letter; and all doubts in the interpretation of such statutes are to be resolved in favor of the accused.' Bishop on Statutory Crimes, section 194. Así said by Chief Justice Marshall, in the case of the United States v. Wiltberger, 5 Wheat., 76-96: “To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous, indeed, to carry the principle, that a case which is within the reason or mischief of a statute, is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity or of kindred character, with those which are enumerated. If this principle has ever been recognized in expounding criminal law, it has been in cases of considerable irritation, which it would be unsafe to consider as precedents forming a general rule for other cases.”
It is not sought to maintain the indictment under any other section of the statute, and as the defendant is not one of the persons included in the provisions of section 6841, the demurrers were properly sustained.

Exceptions overruled.